```
RECEIPT # 51869
AMOUNT $ 150 ºº
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. __m___
DATE ___11-20-03___
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORONA-COLLEGE HEIGHTS ORANGE & LEMON ASSOCIATION, a corporation,<br><br>    Plaintiff,<br><br>v.<br><br>COMMUNITY-SUFFOLK, INC., a corporation; JOSEPH R. PIAZZA, SR., an individual; LAWRENCE P. PIAZZA, SR., an individual; LAWRENCE P. PIAZZA, JR., an individual; STEVEN PIAZZA, an individual,<br><br>    Defendants. | CASE NO.<br><br>03cv12317 RGS<br><br>MAGISTRATE JUDGE Bowler |

**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e] (1) ENFORCEMENT OF STATUTORY TRUST PROVISIONS; (2) VIOLATION OF PERISHABLE AGRICULTURAL COMMODITIES ACT; (3) FAILURE TO ACCOUNT**

Plaintiff CORONA-COLLEGE HEIGHTS ORANGE & LEMON ASSOCIATION ("CCH"), a corporation, alleges as follows:

## I.

### JURISDICTION AND VENUE

1.  This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Plaintiff CCH is, and at all times material herein was, a corporation organized to do business under the laws of the state of California, having a principal place of business located in the City of Riverside, State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendant COMMUNITY-SUFFOLK, INC. ("C-S") is a corporation with its principal place of business in the city of Boston, State of Massachusetts.

4. Plaintiff is informed and believes and thereon alleges that Defendant JOSEPH R. PIAZZA, SR. ("JRP") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant C-S who maintains a residence located within the jurisdictional boundaries of the Court.

5. Plaintiff is informed and believes and thereon alleges that Defendant LAWRENCE P. PIAZZA, SR. ("LPP, SR.") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant C-S who maintains a residence located within the jurisdictional boundaries of the Court.

6. Plaintiff is informed and believes and thereon alleges that Defendant LAWRENCE P. PIAZZA, JR. ("LPP, JR.") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant C-S who maintains a residence located within the jurisdictional boundaries of the Court.

7. Plaintiff is informed and believes and thereon alleges that Defendant STEVEN PIAZZA ("SP") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant C-S who maintains a residence located within the jurisdictional boundaries of the Court.

8. JRP, LPP, SR., LPP, JR. and SP are sometimes referred to herein as "The Individual Defendants."

9. Plaintiff is informed and believes and thereon alleges that The Individual Defendants, are and at all times herein were insiders with actual and constructive knowledge of

the PACA trust and provisions set forth therein and who are and during all times relevant herein were responsible for the daily management and control of Defendant C-S.

10. Plaintiff is further informed and believes and thereon alleges that The Individual Defendants, are and during all relevant times herein were statutory trustees under PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

## II.

## GENERAL ALLEGATIONS

11. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 10 inclusive, of this Complaint as though fully set forth herein.

12. At all times relevant herein, Defendants were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or brokers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, operating under PACA license no. 19170918.

13. Between on or about May 8, 2003 and November 9, 2003, in a series of transactions, CCH sold and shipped perishable agricultural commodities to Defendant C-S at said Defendant's request for which Defendant C-S agreed to pay CCH in amounts at least as great as the sum of $130,187.90.

14. At or about the date of each transaction described above, Plaintiff forwarded to Defendant C-S's invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

15. Plaintiff has repeatedly demanded that Defendant C-S pay the amounts due and owing under the invoices, from Defendant C-S, totaling $130,187.90, however, said Defendant has failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased by said Defendant, except for $78,331.50, leaving a net unpaid principal balance due of $51,856.40.

16. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

17. As a direct and proximate result of the failure of Defendant PC to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the principal amount of $51,856.40, plus finance charges and attorneys' fees incurred in connection with this litigation pursuant to agreement.

## III.

## FIRST CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17, inclusive of this Complaint as though fully set forth herein.

19. Plaintiff at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

20. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

21. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant C-S, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendant's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

22. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve Plaintiff's trust benefits in the total cumulative amount of at least $51,856.40 sold to Defendant C-S all of which remains past due and unpaid.

23. Plaintiff is informed and believes, and thereon alleges, for the reasons alleged at paragraphs 9 and 10 above, that Defendant C-S, and the Individual Defendants, are statutory trustees under PACA. The PACA trust requires said Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, have either failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff or are wrongfully refusing to deliver said assets to Plaintiff, all in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Plaintiff is further informed, believes and thereon alleges that Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

24. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of produce purchased from Plaintiff to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

25. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss in the principal amount of at least $51,856.40, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

IV.

## SECOND CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:**

**Failure To Account And Pay Promptly Against All Defendants)**

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this complaint as though fully set forth herein.

27. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, cumulatively totaling $51,856.40 for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

28. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the principal loss of $51,856.40 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus recoverable finance charges and attorneys' fees.

## FIRST CAUSE OF ACTION

**(For Enforcement of Statutory Trust Provisions of PACA)**

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount totaling at least $51,856.40;

2. For interest thereon at the highest rate allowed by law;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

1. For damages in the amount totaling at least $51,856.40;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the cumulative amount totaling at least $51,856.40;

3. For interest thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff; and,

4. For attorney's fees as deemed reasonable by this Court.

Respectfully submitted,

CORONA COLLEGE HEIGHTS ORANGE
& LEMON ASSOCIATION
By its attorneys,

DATED: November 20 2003

VALERIE S. CARTER (B.B.O. 545412)
CARTER & DOYLE, LLP
Russia Wharf West
530 Atlantic Avenue, 3rd Floor
Boston, MA 01940
Telephone: (671) 348-0525
Facsimile: (671) 348-0989